CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 25 2018

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 5:09cr00032 |
| v. ) | |
| ) | |
| RAFAEL JIMENEZ, ) | |
| ) | By:  Michael F. Urbanski |
| Petitioner. ) | Chief United States District Judge |

## MEMORANDUM OPINION

Rafael Jimenez, a federal inmate proceeding through counsel, brings this habeas corpus petition pursuant to 28 U.S.C. § 2255, asking the court to correct his sentence under the Armed Career Criminal Act ("ACCA") in light of the United States Supreme Court decision in Johnson v. United States, 135 S. Ct. 2551 (2015). ECF No. 120. Specifically, Jimenez argues that his Florida battery conviction referenced in paragraph 24 of the Presentence Investigation Report ("PSR"), ECF No. 127, no longer qualifies as a violent felony under the ACCA, leaving him without three predicate convictions needed to invoke 18 U.S.C. § 924(e)'s 180-month mandatory minimum sentence. The government agrees that Jimenez's sentence on Count Four is no longer lawful, and that he must be resentenced as to that count. The court concurs and will order that Jimenez be resentenced.

### I.

On August 20, 2009, a federal grand jury returned an indictment charging in Count One that Jimenez and Moises Morejon conspired to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 846 & 841(b)(1)(A). Count Four of the indictment charged Jimenez with possessing a firearm while

1

a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On August 24, 2009, the government filed an information, pursuant to 21 U.S.C. § 851, seeking an enhanced sentence on Count One based on Jimenez's two prior Florida felony drug convictions. ECF No. 18. As a result of the filing of the § 851 notice referencing two prior felony drug convictions, Jimenez faced a statutorily mandated life sentence.

In a Rule 11(c)(1)(C) plea agreement filed on November 10, 2009, Jimenez and the government negotiated around the mandatory life sentence. In this binding plea agreement, Jimenez agreed to plead guilty to Counts One and Four and receive a 240 month sentence. ECF No. 54. Page three of the plea agreement contains its critical terms. There, Jimenez states that "[t]he United States and I have agreed that, if I comply with the provisions of this plea agreement, including but not limited to, the requirement to truthfully testify if called as a witness, I will be incarcerated for a period of 240 months." Id. at 3. In exchange for his guilty plea and agreement to the 240 month sentence, the government agreed to withdraw its § 851 notice as to one of Jimenez's prior Florida felony drug convictions, taking the mandatory life sentence off the table. Id. The effect of the plea agreement was that Jimenez would receive the mandatory minimum sentence of 240 months set by statute for a 21 U.S.C. § 841(b)(1)(A) offense enhanced for one prior felony drug conviction.

The court directed Probation to prepare a PSR in advance of sentencing.[1] The PSR revealed that Jimenez had a number of other prior felonies in Florida, including a 1997 conviction for attempted robbery, a 2001 conviction for battery, and a 2003 conviction for aggravated battery. PSR, ECF No. 127, at ¶¶ 28, 29, 32. The PSR made two findings based

---

[1] Jimenez's guilty plea and sentencing were conducted by United States District Judge Samuel G. Wilson. Upon Judge Wilson's subsequent retirement, the case has been assigned to the undersigned.

on these convictions. First, it concluded that Jimenez's convictions for battery and aggravated battery were crimes of violence, rendering him a career offender under USSG § 4B1.1. PSR, ECF No. 127, at ¶ 24. The career offender classification increased Jimenez's base offense level under the guidelines from a level 32 to a level 37. Second, the PSR concluded that these convictions were violent felonies as defined in 18 U.S.C. § 924(e), subjecting Jimenez to a 15-year mandatory minimum sentence for his § 922(g) felon in possession conviction under the ACCA. Based on his career offender status, the PSR set Jimenez's guidelines range at 262 to 327 months, based on a total offense level of 34 and criminal history category of VI.[2] Jimenez did not object to the PSR.

The court conducted a sentencing hearing on February 2, 2010 and sentenced Jimenez to the agreed-upon 240 month sentence. The judgment entered on February 8, 2010 set the sentence at "240 months as to count 1 and count 4 to run concurrently." Judgment, ECF No. 76, at 2. Jimenez did not appeal his conviction.

On June 24, 2016, Jimenez filed this § 2255 motion to vacate his sentence in light of Johnson, 135 S. Ct. at 2563. In his motion, Jimenez alleged that he no longer qualifies as an armed career criminal because his prior felony conviction for attempted robbery under Florida law no long constitutes a "violent felony." Jimenez additionally seeks review of his career offender status. ECF No. 120.

## II.

Under 28 U.S.C. § 2255, a federal inmate may move the sentencing court to vacate, set aside, or correct the prisoner's sentence. Courts may afford relief where the petitioner

---

[2] Jimenez benefitted from a 3-point reduction in his base offense level, from 37 to 34, for acceptance of responsibility under USSG § 3E1.1. Jimenez scored 13 criminal history points, placing him in criminal history category VI. Jimenez's status as a career offender also placed him in category VI.

3

proves that his sentence was "imposed in violation of the Constitution or laws of the United States." Id. § 2255(a). If the court determines the sentence was unlawfully imposed, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id. § 2255(b).

A convicted felon found guilty of possessing a firearm faces a maximum sentence of 120 months. 18 U.S.C. § 924(a)(2). However, the ACCA provides for a mandatory minimum sentence of 180 months when a defendant was previously convicted of at least three prior serious drug offenses or violent felonies. Id. § 924(e)(1). A "violent felony" is defined as:

> [A]ny crime punishable by imprisonment for a term exceeding one year...that—
> (i) has an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, ~~or otherwise involves conduct that presents a serious potential risk of physical injury to another...~~

Id. § 924(e)(2)(B) (strikeout added).

In Johnson, the Supreme Court invalidated the language stricken above, known as the residual clause, finding it void for vagueness. 135 S.Ct. at 2557. In light of Johnson, the government concedes that one of Jimenez's prior felony convictions, his 2001 Florida battery conviction, is no longer a "violent felony" under the ACCA.[3] See Johnson v. United

---

[3] Because Welch v. United States, 136 S. Ct. 1257 (2016), declared Johnson retroactively applicable to cases on collateral review, Jimenez has the procedural means to attack his ACCA conviction, even at this late date. A petition under § 2255 must adhere to strict statute of limitations requirements. Generally, a petitioner must file a § 2255 motion within one year from the date on which his judgment of conviction became final. 28 U.S.C. § 2255(f)(1). However, the statute allows for an additional one-year limitations period from the date on which the United States Supreme Court recognizes a new right made retroactively applicable on collateral review. Id. at § 2255(f)(3). Jimenez filed his § 2255 motion on June 24, 2016, more than one year from the date of his final judgment in 2009. As such, his motion is untimely under § 2255(f)(1). Nonetheless, his petition is timely under § 2255(f)(3) because he alleges that he no longer qualifies under the ACCA following the Supreme Court's ruling in Johnson, and he filed his petition within one year of that ruling.

4

States, 559 U.S. 133 (2010) (holding that Florida battery is not a violent felony). As a result, Jimenez's 240-month term of imprisonment on Count Four exceeds the ten-year maximum applicable to a conviction of felon in possession of a firearm without the ACCA enhancement. See 18 U.S.C. § 924(a)(2). Accordingly, Jimenez's § 922(g)(1) sentence for Count Four must be vacated and reduced to no more than ten years of imprisonment, 18 U.S.C. § 924 (a)(2), and not more than three years of supervised release. 18 U.S.C. § 3583(b)(2).

### III.

Jimenez additionally seeks resentencing on Count One, arguing that his guideline range for the drug count was based on his now defunct ACCA designation. The government opposes Jimenez's motion to vacate and resentence Count One, arguing that Jimenez is not entitled to relief because he was sentenced to the statutory minimum sentence on Count One of 240 months, and that sentence resulted from a Rule 11(c)(1)(C) plea agreement. The court agrees that Jimenez's petition sets forth no basis upon which to vacate his sentence on Count One.

### A.

There are at least three reasons for this conclusion. First, Jimenez's sentence on Count One of 240 months is the mandatory minimum sentence required under 21 U.S.C. § 841(b)(1)(A), for a defendant with one prior felony drug conviction. Second, the holding in Johnson invalidating the residual clause of the ACCA has no impact on Jimenez's drug sentence. Third, Jimenez's sentence is the product of a binding Rule 11(c)(1)(C) plea agreement and was not based on the advisory sentencing guidelines. As such, even if

5

Jimenez's career offender status is deemed erroneous, that affords no basis upon which to set aside his sentence, which was not guidelines-based. See Freeman v. United States, 564 U.S. 522, 534-43 (2011).

**B.**

Section § 2255(b) of Title 28 states that where a court finds a judgment was entered unlawfully, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." This statutory language "confers a 'broad and flexible' power to district courts 'to fashion an appropriate remedy.'" United States v. Hillary, 106 F.3d 1170, 1171-72 (4th Cir. 1997); see United States v. Davis, 112 F.3d 118, 120-23 (3d Cir. 1997) ("Based on the facts of this case, in which the petitioner collaterally attacks only one of his multiple convictions, which are interdependent for sentencing purposes, we find that the district court did not err in asserting jurisdiction to recalculate the aggregate sentence."); see, e.g., United States v. Painter, 2017 U.S. Dist. LEXIS 2344, at *9 (W.D. Va. 2017) (holding resentencing was appropriate for non-ACCA enhanced count when the drug count and the gun count were interdependent, and the ACCA enhancement had increased the guideline range for both counts). Jimenez was sentenced concurrently to 240 months on both Counts One and Four. While the sentence as to Count One is unaffected by Johnson and the ACCA, plainly the sentence as to Count Four cannot stand. As such, Jimenez's § 2255 motion, ECF No. 120, must be **GRANTED**, and this case will be set down for resentencing. In order to facilitate resentencing, the United States Probation Office is directed to prepare an updated PSR.

An appropriate Order will be entered.

Entered: 01-25-2018

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge